**Chester DELK, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 24, 1961.

Lawrence S. Hail, Somerset, for appellant.

John B. Breckinridge, Atty. Gen., David B. Sebree, Asst. Atty. Gen., for appellee.

BIRD, Chief Justice.

Chester Delk was indicted and convicted on a charge of carrying a concealed deadly weapon. He was sentenced to the penitentiary and he appeals.

On appeal he insists that the trial court should have sustained his motion for a directed verdict. This charge arose out of a shooting that occurred within a few feet of a filling station behind which Delk's son operated a garage. Delk testified he went to his son's garage a few minutes before the trouble started to get a pistol that his

son had borrowed, his purpose being to take it home. He further testified that he put the pistol in his right hip pocket with a good portion of the gun "sticking out" and that it was never concealed. He testified that the gun was so carried when Ernest Roy arrived in an automobile. He related in detail the trouble he then had with Ernest Roy and he further testified that the gun was at all times unconcealed in his hip pocket until he "drew" it and shot Ernest Roy. In other words, he says that he pulled the gun from his right hip pocket where it was sticking out.

■ The Commonwealth introduced witnesses who testified not too certainly that Delk pulled the pistol from the right front pocket of his pants. The same witnesses testified with certainty that they did not at any time see the gun until Delk drew it and fired at Ernest Roy. As to whether the gun was drawn from one pocket or another is not of itself important here. Was it on this occasion concealed in any pocket or elsewhere. on Delk's body? Merely being out of the range of some particular person's or persons' vision does not necessarily mean that the gun was concealed in violation of KRS 435.230. The concealment must be such as to prevent persons from seeing the weapon whose vision is not obscured by the carrier's person or by anything other than the covering used to conceal it.

As to what concealed the gun from the witnesses' view at the time Delk drew it is left very much in doubt by the testimony. The charge however is not limited to that particular point of time.

Delk says positively that the gun was in his hip pocket and that it was "sticking out." He does not contend that it was ever anywhere else on his person.

■ One of the witnesses for the Commonwealth, Glenn Weddle, testified specifically that Delk's back was turned to him and others who testified. They all testified that they never saw the gun until Delk drew, even though they had a view of Delk's back and hip pockets. If Delk had the gun in his pocket this testimony indicates that it was there concealed and not "sticking out" as claimed by Delk. It is sufficient we think to require a submission to the jury on the question of concealment.

■ Delk further contends that he was entitled to an affirmative instruction on his "sticking out" theory of the case. We are not inclined to so extend the affirmative instruction rule.

We find no prejudicial error. The judgment is therefore affirmed.